Fboessel, J. (dissenting).
I vote for modification, but upon the following grounds: I agree that there is no invasion of home rule (N. Y. Const., art. IX, § 9), and that the statute before us is not a bill of attainder (U. S. Const., art. I, § 10).
I also agree with Judge Dye that the statute before us is constitutional except insofar as it delegates power to unnamed private individuals. By that portion of the statute, the presidents of a voters’ league, a labor council, an industry association, a united parents’ association, and two civic associations (constituting a majority of the so-called selection board) would have the right to dictate to the Mayor a list of names from which he must choose members of the Board of Education. These unnamed presidents are selected by their own private organizations, changed from time to time, are not required to take an oath or to be citizens, as a member of the Board of Education must be (Education Law, § 2553, subd. 1), and their organizations, however worthy they may be in their own fields of endeavor, do not have any particular relationship to education as such, and do not have any connection with any branch of our Government. This amounts to an unconstitutional relinquishment of legislative power in violation of section 1 of article III of our State Constitution (Matter of Fink v. Cole, 302 N. Y. 216; Fox v. Mohawk & Hudson Riv. Humane Soc., 165 N. Y. 517). I do not deem as controlling here the case of Sturgis v. Spofford (45 N. Y. 446) decided over 90 years ago, and relating to the right of commissioners of pilots to recover certain penalties.
In my opinion, the illegal portion is severable. The test of severability when part of a statute is declared to be unconstitutional is ‘ ‘ whether the legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part exscinded, or rejected altogether ” (People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N. Y. 48, 60). In my judgment, the Legislature here would have wished that *341 the statute be enforced with the illegal part removed. In the first place, the new law, as well as former subdivision 2 of section 2553 of the Education Law, grants to the Mayor the ultimate power to appoint the members of the Board of Education. As before (§ 2553, subd. 2), recommendations from “ representative associations, civic, educational, business, labor and professional groups active or interested in the field of education ’ ’ are to be considered (L. 1961, ch. 971, § 3). Moreover, the present statute gives the Mayor the unqualified right to make appointments in two instances: first, had the selection board submitted less than 18 candidates, the Mayor would have had to choose half of the nominees submitted but could have filled remaining vacancies himself; second, when a member’s term of office expires, or should a vacancy occur and the selection board fail to submit nominations to the Mayor within 15 days after the Mayor requested the board to convene, the Mayor may fill the vacancy himself (ch. 971, §§ 3, 5).
Notwithstanding the partial invalidity of the statute, the present membership of the board may be sustained. The Mayor is the person directly aggrieved. He has made his selections and is content to leave the membership as presently constituted. Indeed, in his position as respondent on this appeal, he vigorously argues for the retention of the present board. Under these circumstances, it may not be said that the present board is improperly constituted and must be replaced, but the Mayor continues to have the right to choose any person who he deems qualified for membership on the board.
The complaint should, therefore, be reinstated; that portion of the statute which mandates the Mayor to choose from a list furnished by the selection board should be declared unconstitutional as an invalid delegation of legislative power; in all other respects the statute should be declared constitutional, and the appointments by the Mayor should be declared valid. The judgment should be modified accordingly, and without costs.
Chief Judge Desmond and Judges Burke and Foster concur with Judge Fuld; Judge Dte dissents in part in a separate opinion in which Judge Van Voorhis concurs; Judge Froessel dissents in part in a separate opinion.
Judgment modified, without costs, in accordance with the opinion herein.